**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN
DIVISION**

| | |
|---|---|
| IN RE: TESTOSTERONE REPLACEMENT THERAPY PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>*Lynn Redding v. Auxilium Pharmaceuticals, Inc. et al,*<br>Case No. 1:15-cv-09550 | MDL No. 2545<br>Master Docket Case No. 14-cv-01748<br>Honorable Matthew F. Kennelly |

### **RESPONSE OF VANCE R. ANDRUS TO ORDER TO SHOW CAUSE**

May It Please The Court:

By Docket Entry dated November 21, 2018 this Court ordered me immediately to advise Mr. Derriel McCorvey of the necessity to take certain actions. The Court, having not heard from the undersigned, entered another Docket Entry January 2, 2019 ordering me to advise the plaintiff of the entry of that order and to certify the same the this Court and further to show cause in writing why I should not be sanctioned for my inattention to and non-compliance with the Court's prior directive. For the reasons expressed herein I certify to this Court that I did not comply with the court's directives as I was unaware of them until Wednesday, January 9, 2019 after Court hours when I received a call from Mr. McCorvey informing me of the Court's actions. I did not receive copies of the written Court entries until Friday, January 11 when I received them from Mr. Trent Miracle.

I wish to make clear to the Court that my inattention to these matters was, at worst, inadvertent and not intended to a slight to this Court, these proceedings, or to the interests of my client, Lynn Redding.

By way of explanation of what occurred here please be aware that my firm and I had an interest in a number of these cases at the outset and accepted representation of a number of clients. The Court may recall that I made personal appearances before the Court prior to its appointment of the Plaintiffs Steering Committee. Ultimately I chose not to apply for a leadership position on the Plaintiffs Steering Committee, and indeed, supported the application of Mr. McCorvey to serve on the PSC. Further, my firm elected to withdraw from the litigation and made arrangements to refer all its cases to other law firms. Ms. Redding's case was referred by my firm to Mr. McCorvey's firm.

Accepting Mr. McCorvey's assurances that he would file the appropriate pleadings to be enrolled as counsel of record for Ms. Redding and given that our firm no longer directly represented any clients in this litigation, I did not read each every all and singular of the hundreds of subsequent minute entries, pretrial orders, motions, pleadings, briefs, and Court Orders which ensued thereafter.

While I did not specifically request the clerk to remove my name from the service list I nontheless assumed that none of these matters would be directed at me personally nor at a client who I no longer actively represented. In fact, I assumed my continued presence on the list serve was inadvertent.

Mr. McCorvey has written to Mr. Miracle an explanation of his failure to finish the substitution process as follows:

> "This case was referred to us by Vance Andrus after he filed it in the MDL. Shortly after receiving the case we filed a joint motion to enroll additional counsel on April 1, 2016. We assumed incorrectly that the granting of that motion officially enrolled me in the case. Two days later on April 3, 2016 a minute entry granting the motion was entered that required my office to file an additional motion to enroll as additional counsel. Apparently since we've never been officially enrolled as counsel we did not receive notice electronically or otherwise of that minute entry or any minute entries entered in this case. As soon as we

filed the joint motion back in 2016, we worked with the Plaintiff to complete and submit a PFS in an effort to ward off a pending motion to dismiss for failure to submit a PFS. In light of the submission of the PFS directly to the Defendants, the Defendants withdrew that Motion to Dismiss. Throughout that time and in preparation of the PFS my firm was in contact with defense counsel. When the deadline approached for the PPF we reached out to the Plaintiff in this case for information necessary to complete the PPF. We did not receive information timely to submit the PPF and as a result the Defendants moved for dismissal with prejudice and since we did not have responses from the Plaintiff we did not feel we had a basis to oppose the dismissal for failure to submit PPF timely. After the dismissal, we advised the plaintiff that the case had been dismissed for failure to provide the PPF and we disengaged. The Plaintiff subsequently contacted my office inquiring on whether the Court would reconsider the dismissal. We did not feel that we had grounds to request a reconsideration and we were still without the required information to complete the PPF. In addition, the Plaintiff requested from my office the name and contact information of the Judge handling the case. My office provided her with the requested information. After that point, we closed the file as we had already withdrawn our representation of the Plaintiff and knew that a dismissal with prejudice was granted. It is important to note that apparently since we were never formally enrolled in the case, we were not served any of the minute entries or orders in the case until you forwarded your email this date in response to the Court's direction for you to look into the matter. Our other communications with defense counsel consisted entirely of emails between our respective offices. Our knowledge of the deadlines for the PPF and PFS was due to the fact of our other TRT cases in this MDL. This is apparently why the confusion exists and why we were not in the position to advise my colleague Vance Andrus about these various minute entries directed to him and myself that required action on our part. We will file our motion to enroll as required by the Judge

no later than Monday and will reach out to the Plaintiff to again attempt to get the information necessary to complete the PPF, assuming that is still a necessary requirement in light of the settlement. Please advise us of Judge Kennelly's response after you have reported to him the background of how we got here in this case. Perhaps you can prevail on Judge Kennelly to remove the requirement that Vance Andrus appear in person on January 23, 2019."

Your Honor, I have practiced law for over 46 years. I have been a Martindale-Hubble AV rated attorney since 1980 and I have practiced in numerous Federal and State Courts and never once in that time have been cited for contempt of court. My father served as a United States Bankruptcy Judge and his father served as a State District Court Judge. I would never under any circumstances dishonor their memories by disrespecting any judicial officer. To the extent that my inaction constitutes some failure of diligence on my part I apologize to the Court and to Lynn Redding.

I stand prepared to appear before this Court to answer any questions it may have and to accept its decision in this matter.

Respectfully submitted,

/s/ Vance R. Andrus
Vance R. Andrus, CO Bar No. 30764
Andrus Wagstaff, PC
7171 W Alaska Drive
Lakewood, CO 80226
(303) 376-6360
(303) 376-6361 facsimile
vance.andrus@andruswagstaff.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, Vance R. Andrus , hereby certify that on January 14, 2019, the foregoing was filed via the Court's CM/ECF system, which will automatically serve and send notification of such filing to all registered attorneys of record.


Dated: January 14, 2019

                                                                  /s/ Vance R. Andrus
                                                                   Vance R. Andrus